IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ALBERT D. BURNETT, No. 07555-025,    )
    )
    Petitioner/Defendant,    )
    )
vs.    )    CIVIL NO. 12-cv-945-GPM
    )
UNITED STATES of AMERICA,    )    CRIMINAL NO. 09-cr-30032-GPM
    )
    Respondent/Plaintiff.    )

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on Petitioner's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 (Doc. 1).  On April 22, 2010, Petitioner entered a plea of guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  The written plea agreement included a waiver of Petitioner's rights to appeal and to collaterally attack his sentence (Doc. 43, pp. 8-9 in criminal case).

On October 25, 2010, the undersigned Judge sentenced Petitioner to 120 months imprisonment, three years supervised release, a $600 fine, and a $100 special assessment.  Judgment was entered on October 26, 2010 (Doc. 69 in criminal case).  The Government appealed the sentence, disputing this Court's conclusion that Petitioner did not qualify for the armed career criminal enhancement raising the minimum sentence to 180 months.  The court of appeals reversed, and remanded the case for Petitioner to be resentenced as an armed career criminal.  *United States v. Burnett*, 641 F.3d 894, 897 (7th Cir. 2011).

Petitioner was resentenced on October 24, 2011, to 180 months in prison, with judgment entered the following day (Docs. 91, 93 in criminal case).  No change was made to the other conditions of his sentence.  The instant § 2255 motion was timely filed on August 27, 2012.

In his motion, Petitioner claims that his attorney was ineffective for concluding that he violated 18 U.S.C. § 922(g), and recommending a guilty plea, where his possession of the firearm was merely "transitory" and for self defense.  His other ground for relief is that his counsel failed to seek dismissal of the Government's appeal, where the Notice of Appeal had not been timely filed (Doc. 1, pp. 4, 7).

A valid waiver of the right to appeal or collaterally attack a conviction, though binding in other respects, does not preclude judicial review of a criminal defendant's assertion that the plea agreement *itself* was the product of ineffective assistance of counsel.  *U.S. v. Jemison*, 237 F.3d 911, 916 (7th Cir. 2001) (discussing *United States v. Joiner*, 183 F.3d 635, 645 (7th Cir. 1999)).  In the case at bar, Petitioner asserts that his attorney's ineffective assistance directly influenced his decision to plead guilty.  Without commenting on the merits of that argument, the Court concludes that the petition survives preliminary review under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

The Court **ORDERS** the Government to file a response to Petitioner's motion by **November 13, 2012.**  The Government shall, as part of its response, attach all relevant portions of the record.  Petitioner may file a reply brief (no longer than 5 pages) by **November 29, 2012** If review of the briefs indicates that an evidentiary hearing is warranted, the Court will set the hearing by separate notice and, if Petitioner qualifies under 18 U.S.C. § 3006A, appoint counsel to represent him at the hearing.

**IT IS SO ORDERED**.

DATED:  October 9, 2012

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge