IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALBERT D. BURNETT ) | |
| ) | |
| Petitioner, ) | |
| ) | CIVIL NO. 12-945-GPM |
| vs. ) | |
| ) | CRIMINAL NO. 09-30032-GPM |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on Petitioner Albert Burnett's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 (Doc. 1). Petitioner's motion is based on a claim of ineffective assistance of counsel. Generally, Mr. Burnett claims that his attorney was ineffective for concluding that he violated 18 U.S.C. § 922(g), and recommending a guilty plea, where his possession of the firearm was merely "transitory" and for self defense. In Petitioner's initial complaint, it was alleged that counsel failed to seek dismissal of the government's appeal based on a theory that the notice of appeal had not been timely filed. The Government's appeal was timely filed and this allegation has been removed. The Government responded to Petitioner's motion as ordered by this Court, and Petitioner filed a supplemental reply. For the reasons set forth below, Petitioner's § 2255 motion is denied.

**BACKGROUND**

On March, 20, 2009 Albert Burnett was charged by complaint in the Southern District of Illinois with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On

1

April 22, 2009, the grand jury charged Petitioner with this same offense in a one-count indictment. On June 15, 2009, the Court appointed Stephen R. Welby to represent Petitioner in case number 3:09 CR 30032 GPM. On April 22, 2010, Petitioner entered into a written plea agreement and a stipulation of facts and pled guilty before a Magistrate Judge. The written plea agreement included a waiver of Petitioner's rights to appeal and to collaterally attack his sentence (Doc. 43, pp. 8-9 in criminal case). Per the Stipulation of Facts signed by Mr. Burnett, Petitioner discharged a firearm in self-defense. Although the government would stipulate that the firearm was used in self-defense, they would not stipulate that someone else gave Mr. Burnett the weapon that he subsequently discharged.

Mr. Burnett was arrested in Alton, Illinois, on April 20, 2010, after engaging in an exchange of gunfire between himself and an individual named Cory Osborne. Petitioner attended a barbeque cookout as a guest. An altercation between Mr. Burnett and Mr. Osborne led to a verbal and then physical argument between the two. During the altercation, Mr. Osborne struck Mr. Burnett with his fists. The altercation then escalated. Mr. Osborne harnessed a gun and started shooting at Mr. Burnett. Mr. Burnett told responding officers that he attempted to leave, but was handed a gun to use in self-defense. The two men then exchanged gunfire. When police arrived, Mr. Burnett did not surrender the firearm—he tossed it towards a nearby dumpster and fled the scene.

The presentence investigation report issued by Probation determined Mr. Burnett was an armed career criminal and subject to the enhanced penalties of 18 U.S.C. § 924(e). Both parties briefed the issue of Petitioner's status as an armed career criminal. On October 25, 2010, Petitioner was sentenced to 120 months imprisonment, three years supervised release, a $600 fine, and a $100 special assessment. Judgment was entered on October 26, 2010 (Doc. 69 in

criminal case). On November 16, 2010, the Government appealed the sentence, disputing this Court's conclusion that Petitioner did not qualify for the armed career criminal enhancement, which would raise the minimum sentence to 180 months. The Seventh Circuit Court of Appeals reversed, and remanded the case for Petitioner to be resentenced as an armed career criminal. *United States v. Burnett*, 641 F.3d 894, 897 (7th Cir. 2011). Petitioner was resentenced on October 24, 2011, to 180 months in prison (Docs. 91, 93 in criminal case). No change was made to the other conditions of his sentence.

## DISCUSSION

### A. Evidentiary Hearing

A 28 U.S.C. § 2255 motion does not mandate an evidentiary hearing. *Prewitt v. United States,* 83 F.3d 812, 819 (7th Cir. 1996); *see also Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001). "[A] district court *must* grant an evidentiary hearing when the petitioner alleges facts that, if proven, would entitle him to relief." *Kafo v. United States*, 467 F.3d 1063, 1067 (7th Cir. 2006) (emphasis in original) (internal quotations omitted). However, if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief" then a hearing is not required. *Id.* Allegations that are "vague, conclusory, or palpably incredible rather than detailed and specific" do not warrant a hearing. *Bruce,* 256 F.3d at 597. Likewise, "mere speculation" does not warrant an evidentiary hearing, as the petitioner "must file detailed and specific affidavit showing he has actual proof of allegations he is making." *Miller v. United States*, 183 Fed. Appx. 571, 578 (7th Cir. 2006). For evidentiary hearing consideration, the Seventh Circuit requires a petition made pursuant to 28 U.S.C. § 2255 to "include an affidavit setting forth the specific basis for relief." *Kafo,* 467 F.3d at 1067. An affidavit accompanying the petition is a threshold requirement –"its absence precludes the necessity of a hearing." *Id*. *See*

*also Galbraith v. United States*, 313 F.3d 1001, 1009 (7th Cir. 2002)(requiring petitioner to submit a sworn affidavit showing what specific facts support the petitioner's assertions). The specific allegations in the petition and accompanying affidavit must go beyond merely unsupported assertions, as "[m]ere unsupported allegations cannot sustain a petitioner's request for a hearing. *Prewitt* 83 F.3d at 819.

Burnett's § 2255 motion requests an evidentiary hearing, although one is not warranted. Burnett does not provide an affidavit to meet the threshold requirement for a hearing. Additionally, he alleges no facts in his petition that, if true, would entitle him to § 2255 relief. The Court's careful review of the motion, files, and records leads the Court to conclude that an evidentiary hearing is not required in this case. Consequently, the Court will resolve the motion without a hearing.

    **B.   Legal Standards**

        **1. Collateral Review Under 28 U.S.C. § 2255**

Section 2255 requires the Court to vacate, set aside, or correct the sentence of a prisoner in custody if it finds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. "Habeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Kafo*, 467 F.3d at 1068, *quoting Prewitt,* 83 F.3d at 816. There are "significant procedural hurdles" to consideration of a petitioner's habeas claim. *Bousley v. United States*, 523 U.S. 614, 615 (1998). Collateral relief is appropriate only when the error is "jurisdictional, constitutional, or is a fundamental defect which inherently results in a complete miscarriage of justice." *Barnickel v. Unites States,* 113 F.3d 704, 705 (7th Cir. 1997). Habeas

4

relief under § 2255 is not a substitute for direct appeal. *Fountain v. United States*, 211 F.3d 429, 433 (7th Cir. 2000). Thus, "[c]laims not raised on direct appeal are barred from collateral review unless upon review, we have been convinced that a failure to consider the issue would amount to a fundamental miscarriage of justice." *Id*. at 433. Specifically, a § 2255 motion "can *not* raise: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, *unless* the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal." *Belford v. United States,* 975 F.2d 310, 313 (7th Cir. 1992) (emphasis in original), *overruled on other grounds by Castellanos v. United States,* 26 F.3d 717 (7th Cir. 1994).

Despite these proscriptions on the availability of § 2255 collateral review, procedural default cannot serve as the reason for dismissing an ineffective assistance of counsel § 2255 claim. *Fuller v. United States*, 398 F.3d 644, 650 (7th Cir. 2005). Ineffective assistance of counsel claims "may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504 (2003). In fact, the Seventh Circuit has identified § 2255 motions as a more appropriate venue than direct appeal for raising ineffective assistance of counsel claims, as the opportunity to adequately "develop the factual predicate for the claim" arises independent of the trial record. *Id.* Burnett's grounds for his petition for relief pursuant to § 2255 are ineffective assistance of counsel claims.

### 2. Ineffective Assistance of Counsel

If a § 2255 motion claiming ineffective assistance of counsel survives preliminary review and is considered on its merits, the court evaluates the claim under the two-prong *Strickland* test.

*McDowell v. Kingston*, 497 F.3d 757, 761 (7th Cir. 2007), *citing Strickland v. Washington,* 466 U.S. 668, 694 (1984). There is a heavy burden of proof on a defendant asserting an ineffective assistance of counsel claim. *Harris v. Reed*, 894 F.2d 871, 874 (7th Cir.1990)."The benchmark for judging any claim to ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. Under *Strickland*, the petitioner must prove (1) that his attorney's performance fell below an objective standard of reasonableness and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *McDowell*, 497 F.3d at 761. If the Court finds *either* the performance *or* the prejudice component of the ineffective assistance claim deficient under the *Strickland* test, then there is no need to consider the sufficiency of the other component. *United States v. Slaughter*, 900 F.2d 1119, 1124 (7th Cir. 1990). "A defendant's failure to satisfy either prong is fatal to his claim." *Ebbole v. United States*, 8 F.3d 530, 533 (7thCir. 1993).

a. **Review of Attorney Performance**

The Court's review of attorney performance is "'highly deferential,' with the underlying assumption that 'counsel's conduct falls within the wide range of reasonable professional assistance.'" *United States v. Holman*, 314 F.3d 837, 840 (7th Cir. 2002), *quoting Strickland*, 466 U.S. at 689. Counsel is "strongly presumed to have rendered adequate assistance and to have made significant decisions in the exercise of his or her reasonable professional judgment." *Cooper v. United States*, 378 F.3d 638, 641 (7thCir. 2004). The Court presumes that counsel made reasonable strategic choices unless the petitioner produces evidence rebutting that presumption. *Id.* Hence, it is "not easy for a petitioner to show that his counsel's performance

6

was objectively ineffective, as . . . '[t]he reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential.'" *Hartjes v. Endicott*, 456 F.3d 786, 790 (7th Cir. 2006), *quoting Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986). In order to establish that counsel's performance was deficient, the defendant must show errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Hartjes*, 456 F.3d at 790.

### b. Prejudicial Effect of Attorney Performance

Proving that counsel's deficient performance actually prejudiced the defense requires a showing of the "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Benefiel v. Davis,* 357 F.3d 655, 661 (7th Cir. 2004), *citing Strickland,* 466 U.S. at 694; *see also Williams v. Taylor*, 529 U.S. 362, 363 (2000). This test is also "highly deferential to counsel and presumes reasonable judgment and effective trial strategy." *Hays v. United States*, 397 F.3d 564, 568 (7th Cir. 2005). The defendant must demonstrate that counsel's error actually had an adverse effect. *Strickland,* 466 U.S. at 693. However, "[n]ot every adverse consequence of counsel's choices is 'prejudice' for constitutional purposes." *United States v. Springs*, 988 F.2d 746, 749 (7th Cir. 1993). Counsel's conduct must be shown to have "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cooper,* 378 F.3d at 642, *citing Strickland,* 466 U.S. at 686. The Petitioner must prove that counsel's ineffectiveness deprived him of a substantive or procedural right to which he is entitled by law. *Williams v. Taylor*, 529 U.S. at 363. For example, in order to satisfy *Strickland*'s prejudice prong, a defendant who pleaded guilty and then alleges ineffective assistance of counsel during plea negotiations in a 28 U.S.C. §

2255 motion must prove that there is a reasonable probability that, but for counsel's deficient performance, he would not have pleaded guilty. *Hays*, 397 F.3d at 568. The Petioner must introduce objective evidence in support of his § 2255 motion. Self-serving testimony is not sufficient to prove the prejudice component of the *Strickland* test for ineffective assistance of counsel. *McCleese v. United States,* 75 F.3d 1174, 1179 (7th Cir. 1996); *cf. Toro v. Fairman*, 940 F.2d 1065, 1068 (7th Cir. 1991) (finding defendant did not present sufficient evidence to satisfy *Strickland* prejudice prong when defendant never stated that he would have accepted the guilty plea but for his counsel's advice and did not present objective evidence to that effect).

The Supreme Court has defined narrow exceptions to *Strickland* "where it is appropriate for a court to presume prejudice." *McDowell,* 497 F.3d at 762, 764, *citing United States v. Cronic,* 466 U.S. 648, 658 (1984); *see also Cuyler v. Sullivan,* 446 U.S. 335, 338 (1980); *Florida v. Nixon,* 543 U.S. 175, 190 (2004). Prejudice may be presumed where: (1) there is a complete denial of counsel; (2) there is a denial of counsel at a critical stage of the litigation; (3) counsel entirely fails to subject the prosecution's case to a meaningful adversarial test; (4) the likelihood that any lawyer could have provided effective assistance is very small; or (5) counsel labored on behalf of the defendant while harboring a conflict of interest. *McDowell,* 497 F.3d at 761.

### 3. **Waiver of Appellate and Collateral Attack Rights**

The Court will enforce a plea agreement's appellate and collateral attack waiver "if its terms are clear and unambiguous and the record shows that the defendant knowingly and voluntarily entered into the agreement." *Unites States v. Blinn,* 490 F.3d 586, 588 (7th Cir. 2007). Courts may consider a defendant's signature on the plea agreement and his statements during the plea colloquy as evidence of a knowing and voluntary waiver. *See United States v. Jemison,* 237 F.3d 911, 917 (7th Cir. 2001); *United States v. Schuh,* 289 F.3d 968, 975 (7th Cir.

2002). "[A] careful plea colloquy under Rule 11 ensures that the guilty plea is knowing and voluntary." *Schuh,* 289 F.3d at 975. The court is "not required to conduct a specific dialogue with the defendant concerning the appeal waiver, so long as the record contains sufficient evidence to determine whether the defendant's acceptance of the waiver was knowing and voluntary." *Jones v. United States*, 167 F.3d 1142, 1144 (7th Cir. 1999). Representations made during plea hearings are "entitled to a presumption of verity." *United States v. Pike*, 211 F.3d 385, 389 (7th Cir. 2000).

However, though a valid appellate waiver may be binding in other respects, it does not preclude judicial review of a claim that the plea agreement itself was the product of ineffective assistance of counsel. *Jemison,* 237 F.3d at 917. Therefore, if the defendant can demonstrate ineffective assistance of counsel with respect to the negotiation of the waiver, then the waiver is not effective against a § 2255 challenge. *Mason v. United States,* 211 F.3d 1065, 1069 (7th Cir. 2000). "Even an ineffective assistance claim cannot survive a waiver unless the claim relates specifically to the voluntariness of the waiver itself." *Bridgeman v. United States,* 229 F.3d 589, 593 (7th Cir. 2000). That is, ineffective assistance claims related to anything other than the plea negotiation – related to counsel's performance at sentencing, for example – are barred by an enforceable waiver. *Id.*; *see also Jones,* 167 F.3d at 1145 ("[W]e reiterate that waivers are enforceable as a general rule; the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver."); *United States v. Behrman*, 235 F.3d 1049, 1052 (7th Cir. 2000) (finding that when petitioner surrendered the right to challenge his sentence on any grounds in a *voluntary* plea agreement, he had no viable theory for appeal).

Here, Petitioner asserts that his attorney's ineffective assistance directly influenced his

decision to plead guilty, so he can side-step his bargained-for agreement not to collaterally attack his sentence

### C. Effective Assistance of Counsel By Recommending Guilty Plea

Burnett's otherwise enforceable waiver does not bar his ineffective assistance of counsel claim insofar as that claim specifically relates to his attorney's recommendation of a guilty plea. In order to prove ineffective assistance, Burnett must successfully evidence both that his attorney's performance was objectively deficient, and that he suffered actual prejudice to his defense that would not have occurred but-for his attorney's ineffectiveness. Burnett fails to meet his burden on either *Strickland* prong. Petitioner alleges that counsel was ineffective by recommending a guilty plea where Petitioner's possession of a firearm was "transitory" and for self-defense, otherwise known as "innocent possession defense." Counsel's affidavit describes the steps he took in the course of representing Petitioner. This performance did not fall below an objective standard of reasonableness. In this case, Counsel reviewed the discovery, researched applicable legal standards for presenting Petitioner's proposed defense, investigated Petitioner's claimed version of events, advised Petitioner of the risks of trial, and discussed the possible penalties. In regards to Petitioners "innocent possession defense," counsel researched the legal standard for presenting such defense and explained the inherently limited nature of this defense to Petitioner multiple times, before Petitioner made the ultimate decision to plead guilty to the offense. During the course of these discussions, Counsel engaged in discussions of the factual basis surrounding Petitioner's possession of the firearm and did not find any reliable evidence to support such claim.

Nonetheless, Counsel explained to Petitioner that he had a definite right to a trial, a right to not testify at trial, and that if Petitioner did choose to testify he would likely be impeached with

his prior felony convictions. Counsel's primary concerns were that a jury would not believe his version of events and that the necessary conditions of the limited "innocent possession defense" would ultimately not be satisfied. Counsel's recommendation that Petitioner plead guilty was only made after researching the legal standard of an innocent possession of a firearm, investigating the facts, and considering possible sentences. Based on the record of this case, Counsel's performance did not fall below the objective standard of reasonableness and was certainly not constitutionally deficient. Additionally, if this Court was to assume, *arguendo*, that counsel's performance was deficient, Petitioner does not present proof that he would have been acquitted if he had proceeded to trial.

**CONCLUSION**

Mr. Burnett's petition under 28 U.S.C. § 2255 (Doc. 1) is **DENIED**, and this action is **DISMISSED with prejudice.** The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED**

DATE: November 19, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge